FILED IN OPEN COURT

ON 3/17/2026 CBP

Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-246-D-BM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | SUPERSEDING |
| | ) | INDICTMENT |
| | ) | |
| JOSEPH TYRE CUMBERLANDER, | ) | |
| | ) | |

The Grand Jury charges that:

## COUNT ONE

On or about January 12, 2025, in the Eastern District of North Carolina, the defendant, JOSEPH TYRE CUMBERLANDER, did knowingly and intentionally possess with the intent to distribute twenty-eight (28) grams or more of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO

On or about May 22, 2025, in the Eastern District of North Carolina, the defendant, JOSEPH TYRE CUMBERLANDER, did knowingly and intentionally possess with the intent to distribute a quantity of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## ALLEGATION OF PRIOR CONVICTION

Before JOSEPH TYRE CUMBERLANDER committed the offense charged in Count Two of this indictment, JOSEPH TYRE CUMBERLANDER had a conviction for a felony drug offense as defined in 21 U.S.C. § 802(44).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been

commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 3/17/26

W. ELLIS BOYLE
United States Attorney

BY: William Van Trigt
Assistant United States Attorney